**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meloniece Dukes,<br><br>        Plaintiff,<br><br>v.<br><br>United States of America,<br><br>        Defendant. | No. CV-25-00284-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Meloniece Dukes's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff does not have the means to pay the Court's fees in this case, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's claim is time-barred.

**I.    LEGAL STANDARDS**

    **A.    28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section

1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B.     Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a) also provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

## II.    ANALYSIS

In the Complaint, Plaintiff raises a single claim for medical negligence, alleging the Department of Veterans Affairs (VA), through one of its medical care facilities, prescribed her narcotic medication in 2012, and "[a]s a direct result of taking the prescribed narcotic medication, she has suffered severe and ongoing adverse effects." (Compl. ¶¶ 5, 6.) She filed an administrative claim with the VA under the Federal Tort Claims Act (FTCA) on October 14, 2024, and the VA denied the claim as "barred by the federal two-year Statute of Limitations" under 28 U.S.C. § 2401(b). (Compl. ¶¶ 7, 8; Compl. at 5, VA Letter.)

Under the FTCA, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Federal law requires claimants to file administrative claims prior to initiating suit to allow the appropriate federal agency to determine whether the claim should be voluntarily paid out or if the agency should seek

settlement. *Poindexter v. United States*, 647 F.2d 34, 36 (9th Cir. 1981). An FTCA claim for medical malpractice does not accrue "until a plaintiff knows of both the existence of an injury and its cause." *Bennett v. United States*, 44 F.4th 929, 933 (9th Cir. 2022). Likewise, under Arizona law, a medical malpractice claim must be brought within a two-year statute of limitations period. A.R.S. § 12-542.

The Court agrees with the VA decision holding that Plaintiff's claim is time barred. Although Plaintiff alleges that she "continues to suffer harm" from ingesting narcotics 13 years after the VA allegedly prescribed them to her, no allegations plausibly support the conclusion that a reasonable person would not have been on notice of the alleged negligence for 13 years or that the negligence was somehow concealed from Plaintiff.

If a defective complaint can be cured, a plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. The Court does not find that Plaintiff can cure the statute of limitations defect by amendment, and the Court will thus dismiss this case without leave to amend.

**IT IS THEREFORE ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1) as time-barred without leave to amend.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this matter.

Dated this 31st day of January, 2025.

Honorable John J. Tuchi
United States District Judge